## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

PATRICK J. HANDRICK         *
                                      *

v.                               *     Civil No. JKS-10-2472
                                      *

MICHAEL J. ASTRUE         *
**Commissioner of Social Security**     *
                                      *

## MEMORANDUM OPINION

Plaintiff Patrick Joseph Handrick brought this action pursuant to 42 U.S.C. § 405(g) for review of a final administrative decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act (the Act), 41 U.S.C. §§ 401–433, and §§ 216.  Both parties' motions for summary judgment and Handrick's alternative motion for remand are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Handrick's motions for summary judgment and remand will be denied and the Commissioner's motion for summary judgment will be granted.

1.  **Background.**

Handrick alleged that he had been disabled since September 26, 2006, due to severe sinus problems.  After initial denials, an Administrative Law Judge (ALJ) held a hearing at which Handrick was represented by counsel, and on November 12, 2009, found that Handrick was not disabled within the meaning of the Act.  When the Appeals Council denied a request for review, the ALJ's determination became the Commissioner's final decision.

2.  **ALJ's Decision.**

The ALJ found that Handrick had the Residual Functional Capacity (RFC) to perform medium work but must avoid aviation altitudes and thus could not perform his past relevant

work as an airline pilot. The ALJ then found, based on testimony from a vocational expert (VE), that jobs exist in significant numbers in the national economy that Handrick could perform. As a result, the ALJ determined that Handrick was not disabled within the meaning of the Act.

**3.   <u>Standard of Review.</u>**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision when it is supported by substantial evidence. *Id.*

**4.   <u>Discussion.</u>**

Handrick presents two allegations in his motion for summary judgment, both of which share the same underlying issue: whether the ALJ erred in declining to accept his hearing testimony that he was required to flush his sinuses for 30 minutes, three to four times per day. Substantial evidence supports the ALJ's rejection of this testimony.

The ALJ must make the RFC determination after considering all of the relevant medical and non-medical evidence in the record. 20 C.F.R. § 416.920(e). The ALJ must perform a function-by-function assessment, first with regard to the nature and extent of the claimant's limitations, and then with regard to the claimant's RFC for work activity on a regular and continuing basis. 20 C.F.R. § 416.945(b) and (c); SSR 96-8p, at *3. The ALJ's evaluation must

also include a narrative discussion describing how medical facts and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); SSR 96-8p, 1996 SSR Lexis 5, at *19.

Here, the ALJ discussed and relied on treating physician Dubin and consulting physicians Johnson and Robinson. On June 6, 2007, Dr. Dubin noted that Handrick's intermittent pressure was resolved with once daily irrigation, and advised him that PE tubes would enable him to resume flying. (R. 204-5). Dr. Durbin noted on May 29, 2008, that Handrick "continues to have pressure issues when he flies." (R. 305). Both Drs. Johnson and Robinson concluded that Handrick could sit for 6 hours in a normal work day. (R. 293, 308). Handrick testified that he spends his days driving his children and doing all of the house and yard work. (R. 33).

When evaluating whether a person is disabled by subjective symptoms, an ALJ must follow a two-step process. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). If the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c).

The ALJ must also assess the credibility of the claimant's statements. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* The ALJ's opinion should be given great weight upon review because he has had the opportunity to observe the demeanor and determine the credibility of the claimant. *Shivley*, 739 F.2d at 989–90.

Here, the ALJ followed the mandated two-step process, and relied on the medical and daily activities evidence to find that Handrick could perform the duties of several alternative occupations.  The ALJ was not required to accept Handrick's testimony regarding the extent to which he must irrigate his nose in the face of the contradictory medical and daily activities evidence.  Substantial evidence supports the ALJ's determination, and it must therefore be affirmed.

**5.** **Conclusion.**

For the foregoing reasons, Handrick's motions for summary judgment and remand will be denied and the Commissioner's motion for summary judgment will be granted.

Date: April 5, 2012 _____                             _____/S/_____
                                                                        JILLYN K. SCHULZE
                                                                        United States Magistrate Judge